**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| FRANKLIN KEITH KELSEY, : <br> : <br> Plaintiff  : <br> : <br> VS.  : <br> : <br> Officer T. SIMMONS, *et al.*,  : <br> : <br> Defendants  : | NO. 5:08-CV-284 (CAR) <br><br> PROCEEDINGS UNDER 42 U.S.C. §1983 <br> BEFORE THE U. S. MAGISTRATE JUDGE <br><br> **ORDER & RECOMMENDATION** |

     Plaintiff **FRANKLIN KEITH KELSEY**, an inmate at Georgia State Prison in Reidsville, Georgia, has paid the required initial partial filing fee of $9.33 as previously ordered by this Court. The unpaid balance of plaintiff's filing fee is $340.67 which shall be paid in monthly payments as described later in this Order and Recommendation.

## I.  STANDARD OF REVIEW

### A.  28 U.S.C. § 1915(e)(2)

     Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. *General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff, currently an inmate at Georgia State Prison, files this action asserting numerous claims arising out of his confinement at Men's State Prison ("MSP"). Specifically, plaintiff complains that: (1) Captain Williams wrongfully confiscated plaintiff's eye patch on August 3, 2006, thereby allowing dust to enter plaintiff's empty eye socket and cause an infection; (2) Officer K. Hall filed a disciplinary report against plaintiff on October 25, 2006, as "retaliation" for plaintiff speaking to Hall's superiors about her earlier that day calling plaintiff a "cracker" and threatening to hit plaintiff with her radio; (3) Several prison officials, including Counselor Grable, Sergeant Stevens, and Deputy Warden John Perry, improperly refused to pursue criminal charges against Officer K. Hall; (4) On November 29, 2006, Officers Wamble and Dixon placed plaintiff in leg irons, ignored plaintiff's complaints that they were too tight and cut off his circulation, and left him in the irons for almost four hours; (5) On December 26, 2006, Officer T. Simmons searched plaintiff's "religious artifacts," related to plaintiff's Native American heritage, notwithstanding plaintiff's request that she not do so, and when plaintiff refused to be handcuffed, Officer Simmons brutally assaulted him; (6) While transporting plaintiff to security following the incident, Officer Hurst continued the alleged use of force; (7) Officer Driskel would not get plaintiff water to clean his wounds following the use of force; plaintiff appears to suggest he contracted a staph infection as a result; (8) Deputy Wardens Perry Harris, and Warden Alexis Chase saw plaintiff's face the next day and "just walked away"; (9) On either December 26 or 27, 2006, Dr. Hale Burnside briefly examined plaintiff and promised plaintiff x-rays, but plaintiff was transferred to a different prison on December 27, 2006, so he was not x-rayed at MSP; and (10) Prior to plaintiff's transfer from MSP, Sergeant Stevens advised plaintiff that plaintiff's religious items had been confiscated as "evidence" relating to aggravated assault charges filed against plaintiff as a result of the December 26th incident with Officer T. Simons.

Without supporting facts, plaintiff alleges a massive conspiracy to retaliate on the part of all the defendants. Plaintiff additionally lays the blame for the above claims upon Warden Alexis Chase, Deputy Warden John Perry, Lieutenant Edwards, and Captain Williams for their failure to supervise.

## III.  DISCUSSION

### A.  *Grievance Claims*

Plaintiff alleges that certain of the defendants failed to investigate his grievances or to even reply to plaintiff's complaints. The Eleventh Circuit has held that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. ***Dunn v. Martin***, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); *see also Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005).  Accordingly, it is **RECOMMENDED** that plaintiff's grievance claims be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B.  *Criminal Charges*

Plaintiff's claim that defendants Grable, Stevens, and Perry failed to press charges against Officer K. Hall is clearly frivolous.  A prisoner has no constitutional right to have someone criminally prosecuted. ***See e.g., Oliver v. Collins***, 904 F.2d 278, 281 (5th Cir.1990) ("The decision to file or not file criminal charges falls within [the] category of acts that will not give rise to [civil rights] liability.").  Such claim is therefore **DISMISSED**.  It is so **RECOMMENDED**.  As this is the only claim asserted against Counselor Grable, it is also **RECOMMENDED** that she be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### *C. Conspiracy to Retaliate*

Plaintiff has also generally alleged that the defendants conspired to retaliate against him for various reasons, including his filing grievances. Vague and general allegations of a state official's participation in a conspiracy are insufficient to support such a conspiracy claim or to show a violation of section 1983. ***Fullman v. Graddick***, 739 F.2d 553 (11th Cir. 1984). In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough simply to allege in the complaint that a conspiracy existed. Plaintiff has alleged absolutely no facts to support his claim of conspiracy to retaliate. Such claim must, therefore, be **DISMISSED.** It is so **RECOMMENDED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### *D. Dr. Hale Burnside*

In ***Estelle v. Gamble***, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'… proscribed by the Eighth Amendment." "Deliberate indifference" has three components: 1) subjective knowledge of a risk of serious harm; 2) disregard of that risk; and 3) conduct that is more than mere negligence. ***McElligott v. Foley***, 182 F.3d 1248, 1255 (11th Cir. 1999). Decisions by prison medical staff relating to the exercise of professional judgment, even though they may constitute medical malpractice, do not violate the Eighth Amendment. *Estelle*, 429 U.S. at 107; *see also Campbell v. Sikes*, 169 F.3d 1353, 1363-72 (11th Cir. 1999).

In this case, plaintiff's allegations do not meet the above standard and are therefore insufficient to state a claim of deliberate indifference to his medical needs by Dr. Burnside. Even if Dr. Burnside gave plaintiff only a cursory examination, plaintiff's allegations indicate that plaintiff received some treatment for his injuries from Dr. Burnside. Moreover, plaintiff was transferred from MSP before any x-rays could be performed. It is not the prerogative of this Court to make a judgment regarding the quality of the medical care plaintiff received, particularly where plaintiff has not alleged any injuries as a result of the allegedly deficient care. Accordingly, it is **RECOMMENDED** that the claims against Dr. Hale Burnside be **DISMISSED** and that he be terminated as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### *E. Supervisory Liability*

Plaintiff sues Deputy Wardens Perry and Harris, Warden Chase, and Lieutenant Edwards for failure to supervise. Supervisory officials are not liable under section 1983 for having the "mere right to control without any control or direction having been exercised." ***Monell v. Department of Social Services of New York***, 436 U.S. 658, 694 n.58 (1978). A supervisor has no *respondeat superior* liability for the misconduct of subordinates and is not liable under section 1983 for damages or injunctive relief unless the supervisor personally participates in the alleged unconstitutional conduct or there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation. ***Cottone v. Jenne***, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." ***Cottone***, 326 F.3d at 1360.

Plaintiff makes no allegations that Perry, Harris, Chase, and Edwards were personally involved in the alleged deprivations or had any custom or policy which resulted in the deprivations. No does plaintiff allege that any of these defendants had advanced knowledge of the conduct in issue. Plaintiff merely alleges that they failed to take action on the grievances plaintiff filed after the conduct in issue. Accordingly, plaintiff's complaint should be **DISMISSED** with respect to Deputy Wardens Perry and Harris, Warden Chase, and Lieutenant Edwards. It is so **RECOMMENDED**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

## IV. SUMMARY

In light of the foregoing, the undersigned **RECOMMENDS** that defendants Counselor Grable, Deputy Wardens Perry and Harris, Warden Chase, Lieutenant Edwards, and Dr. Hale Burnside be **DISMISSED** from this case. Although it is not clear that plaintiff will ultimately prevail on the merits of claims against defendants Captain Williams, Officers K. Hall, Wamble, Dixon, T. Simmons, Hurst, and Driskel, and Sergeant Stevens, the undersigned finds that plaintiff has made sufficient allegations against them to withstand the frivolity review.

Accordingly, **IT IS ORDERED AND DIRECTED** that service be made as provided by law upon **CAPTAIN WILLIAMS**, **OFFICERS K. HALL**, **WAMBLE**, **DIXON**, **T. SIMMONS**, **HURST**, and **DRISKEL**, and **SERGEANT STEVENS**, and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ ### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

### <u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **<u>SEPARATE</u> <u>MOTION</u>** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments.  In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**ELECTION TO PROCEED BEFORE THE
UNITED STATES MAGISTRATE JUDGE**

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters.  In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties.  Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞   After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 29th day of SEPTEMBER, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.