IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FRANKLIN KEITH KELSEY, | |
| Plaintiff | |
| VS. | NO. 5:08-CV-284 (CAR) |
| ALEXIS E. L. CHASE, *et al.*, | |
| Defendants | PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Before the court is a motion seeking dismissal filed by defendants TERESA SIMMONS, WILLIE DRISKELL, TAMMI STEVENS, ANTHONY WILLIAMS, HERBERT DIXON, THAD WOMBLE, NICHOLAS HURSE, and KAREN HALL. Tab #25. Plaintiff FRANKLIN KEITH KELSEY was ordered to file, and has filed, a response (Tab #31) to which the defendants have replied (Tab #38). In their motion, the defendants aver that this action should be dismissed because plaintiff Kelsey, *inter alia*, failed to exhaust his available administrative remedies and failed to state a claim.

### LEGAL STANDARDS

FAILURE TO STATE A CLAIM

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true.

*Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the available administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

### DISCUSSION

In their motion seeking dismissal, the defendants argue that plaintiff Kelsey failed to state a claim and failed to exhaust administrative remedies as to all claims and defendants. In support of their contention of failure to exhaust, the defendants have submitted a copy of the Standard Operating Procedures which outlines the prison administrative grievance procedure as well as the affidavit of Richard Grable, the Chief Grievance Counselor at Men's State Prison. In his affidavit, after reviewing the particulars of the grievance procedures, Grable avers that during Kelsey's incarceration at Men's State Prison, he filed only two grievances neither of which involved the defendants. Consequently, the defendants contend that the instant action must be dismissed in its entirety.

In response to the defendants' exhaustion argument, plaintiff Kelsey claims that "all administrative remedies have been exhausted" and that he "has went above and beyond this requirement via other channels." He next avers that he filed grievances which were not processed and that the grievance procedure is itself constitutionally inadequate. Finally, Kelsey references numerous documents (which he attached to his Response) in support of his contention. These documents included several grievance forms, medical treatment request forms, and witness statements completed by plaintiff and others.

In reply to these assertions by the plaintiff, and apparently on account of the fact that the documents submitted by the plaintiff contained completed grievance forms complaining of allegedly constitutionally violative actions by defendants Hall, Womble, Dixon, and Simmons, the defendants withdrew their assertion of failure to exhaust administrative remedies against those defendants. The defendants then pointed out Kelsey's failure to submit any evidence showing that he exhausted administrative remedies as to his claims against defendants Williams, Hurse, Driskel and Stevens. Consequently, the defendants concluded that all claims against defendants Williams, Hurse, Driskel and Stevens should be dismissed for failure to exhaust.

After reviewing the foregoing arguments, as well as the relevant documentary evidence submitted by both parties, the undersigned finds the defendants' argument to be persuasive. With the exception of his unsupported and conclusory allegations, plaintiff Kelsey has failed to produce any evidence demonstrating that he exhausted his available administrative remedies with respect to his claims against defendants Williams, Hurse, Driskel, and Stevens. Accordingly, the plaintiff's claims against defendants Williams, Hurse, Driskel, and Stevens should be dismissed without prejudice. In view of this finding, the undersigned's consideration of the defendants' failure to state a claim argument appears necessary only as it relates to defendants Hall, Womble, Dixon, and Simmons.

In their motion seeking dismissal as well as in their reply to plaintiff Kelsey's response thereto, the defendants separately addressed Kelsey's allegations against each of the defendants. In like manner, and in the interest of clarity, the undersigned will also separately address the claims lodged against each of the remaining defendants.

### Defendant Hall

In his Complaint, as well as in his response to the defendants's motion seeking dismissal, plaintiff Kelsey accuses defendant Hall of "hate crimes, terroristic threats, discrimination, and retaliation." In response to these allegations, the defendants concede that defendant Hall and the plaintiff had a verbal altercation, that during this altercation threats were exchanged, and that after this altercation defendant Hall filed disciplinary report against the plaintiff. With respect to the threats, and after noting Kelsey's failure to allege that defendant Hall actually carried out any of her alleged threats, the defendants correctly assert that mere verbal threats and harassment are insufficient to state a claim for a constitutional violation. *See Edwards v. Gilbert,* 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989) (concluding that "verbal taunts" alone are insufficient to state a claim for relief); *Hernandez v. Fla. Dep't of Corr.*, 281 Fed. Appx. 862, 866 (11th Cir. 2008) (affirming the district court's dismissal of a claim alleging "threats and verbal abuse" for failure to state a claim where the threats were not carried out). Having reviewed these arguments and the relevant law, the undersigned agrees with the defendants's position that the plaintiff has failed to state a claim with respect to Hall's verbal threats and harassment.

With regard to plaintiff's claim of retaliation, the defendants once again contend that his allegations are insufficient. In support of this argument, they note that in order to state a claim of retaliation, a plaintiff must allege constitutionally protected speech, retaliatory conduct which would deter a person of ordinary firmness from engaging in such speech, and a causal relationship between the retaliatory actions and the protected speech. *See Smith v. Mosley*, 535 F.3d 1270, 1276 (11th Cir.

2008).  Moreover, the defendants cite to the Eleventh Circuits holding that "to prove retaliation, a plaintiff must present specific, non-conclusory factual allegations that establish improper motive." *Brown v. Cochran,* 171 F.3d 1329, 1333 (11th Cir. 1999).  According to the defendants, plaintiff's conclusory allegations utterly fail to identify any action taken against him by defendant Hall out of retaliation, thus evincing his failure to state a claim.

As an initial matter, the undersigned notes that the grievance form submitted to the court by plaintiff Kelsey involving defendant Hall does not contain any allegations of retaliation.  For this reason, it would appear that the retaliation claim is unexhausted.  Nevertheless, and because the defendants have chosen to withdraw their exhaustion argument as related to defendant Hall, consideration of whether or not plaintiff Kelsey has sufficiently stated a claim of retaliation against defendant Hall is necessary.  Having considered this question, and in view of the fact that plaintiff Kelsey's allegations fall short of the requirements of law, it is clear that his claim of retaliation against defendant Hall is inadequate and must be dismissed.

Defendants Womble and Dixon

Regarding defendants Womble and Dixon, plaintiff Kelsey claims that, in the process of transporting him, these defendants used excessive force through their abusive application of, and subsequent refusal to adjust, wrist and leg restraints which plaintiff Kelsey felt were too tight.  Plaintiff Kelsey does not, however,  allege any injury as a consequence of this allegedly excessive use of force.  Without injury there can be no relief.  See *Vinyard v. Wilson*, 311 F.3d 1340, 1349 n. 13 (11th Cir. 2002); *Gold v. City of Miami*, 121 F.3d 1442, 1444, 1446-47 (11th Cir. 1997).  For this reason, plaintiff's claim of excessive force against defendants Womble and Dixon is insufficient and should  be dismissed.

With respect to defendant Dixon only, plaintiff Kelsey claims that during a state habeas corpus proceeding, defendant Dixon improperly interfered by exclaiming "hey-hey" after observing the plaintiff's loud and excited rebuke of his attorney's request for him to "shut up." Plaintiff characterizes Dixon's interjection as an act of retaliation for the plaintiff's decision to collaterally attack his sentence. Having considered this argument, and in light of the elements which must be alleged in order to state such a claim as was set forth in the foregoing section on defendant Hall, it is clear that plaintiff Kelsey has failed to state a claim of retaliation as against defendant Dixon. For this reason, plaintiff's untenable claim of retaliation against defendant Dixon must be dismissed.

### Defendant Simmons

Plaintiff Kelsey's claims against defendant Simmons include excessive force, violations of his First and Fourth Amendment rights, racial and/or religious discrimination, and retaliation. **With the exception of the plaintiff's allegation of excessive force, the defendants' motion seeks to have all claims dismissed for failure to state a claim.** The genesis of the allegations against defendant Simmons was a routine search of the plaintiff's cell during which defendant Simmons refused the plaintiff's request to allow him to remove religious artifacts so that they would not handled by defendant Simmons. As a result of this decision, plaintiff Kelsey became upset, refused to comply with Simmons' instructions, and ultimately attempted to physically prevent the search from proceeding. As a result of the events that immediately followed, plaintiff Kelsey was arrested and indicted on charges of felony assault and obstruction for which he is currently awaiting trial.

In their motion seeking dismissal, the defendants argue that even accepting plaintiff Kelsey's allegations as true, his claims about the propriety of defendant Simmons' search of his locker simply do not amount to a constitutional violation. In support of this assertion, the defendants cite to the Supreme Court's express holding that a search of a prisoner's cell simply does not implicate the Fourth Amendment's proscription of unreasonable searches as prisoners do not enjoy a reasonable expectation of privacy within the confines of their cell. See *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). The defendants are correct, the illegal search claim is untenable and should be dismissed.

With regard to Kelsey's First Amendment claim, his Complaint originally alleged that, during the search, his religious artifacts were improperly confiscated. In his Response to the defendants' motion seeking dismissal, Kelsey says that his religious artifacts were not only improperly confiscated but also desecrated and destroyed. This, Kelsey appears to infer, resulted in an abridgement of his First Amendment right of religious freedom.

In response to these allegations, the defendants aver that the plaintiff's religious artifacts were not desecrated nor destroyed but were instead confiscated as evidence during the investigation of the aforementioned pending felony charges. Furthermore, and with regard to Kelsey's religious freedom claim, the defendants point out that the plaintiff's allegations thereon are simply inadequate. The basis for this conclusion is the fact that the plaintiff's First Amendment claim against Simmons involves her handling of the artifacts, not an assertion that she denied the plaintiff's right to posses or store the items. Plaintiff Kelsey's decision to take certain actions in an attempt to prevent defendant Simmons from handling these items, which ultimately resulted in confiscation of the items as evidence in an ensuing felony criminal investigation, cannot as a consequence thereof, properly be used to hold defendant Simmons responsible for the resulting deprivation nor any subsequent limitation on the plaintiff's ability to freely practice his religion. As a result, plaintiff Kelsey's First Amendment claims against defendant Simmons are without merit and must fail.

Kelsey's remaining assertions of retaliation and discrimination on the part of defendant Simmons, to the extent that they could be interpreted as freestanding and separate from foregoing claims, are only supported by the vague and conclusory assertions of the plaintiff.  Accordingly, the undersigned must conclude that plaintiff Kelsey has once again failed to adequately state a claim upon which relief could be granted.  Consequently, these claims should also be dismissed.

## CONCLUSION

For the foregoing reasons, the defendants' motion seeking dismissal should be GRANTED, to the extent that the claims against defendants Hall, Womble, Dixon, Hurse, Driskel, and Stevens are terminated from this action.  If this Recommendation is accepted, the only issue which remains and which must proceed is plaintiff's Kelsey's claim of excessive force against defendant Simmons.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 19th day of AUGUST, 2009.



            CLAUDE W. HICKS, JR.
            UNITED STATES MAGISTRATE JUDGE