IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **FRANKLIN KEITH KELSEY,** : | |
| : | |
| Plaintiff, : | |
| : | Case No.: 5:08-cv-284 (CAR) |
| v. : | |
| : | |
| **ALEXIS E. L. CHASE et al.,** : | |
| : | |
| **Defendants.** : | |
| _____ | |

*ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 53] to grant Defendants' Motion to Dismiss Plaintiff's *pro se* Complaint [Doc. 25]. Specifically, the Magistrate Judge recommends that Plaintiff's claims against Defendants Williams, Hurse, Driskel, and Stevens should be dismissed for failure to exhaust available administrative remedies. In addition, the Magistrate Judge recommends that Plaintiff's claims against Defendants Hall, Womble, and Dixon should be dismissed for failure to state a claim on which relief could be granted. Thus, only Plaintiff's claim for the use of excessive force against Defendant Simmons would remain. Plaintiff has filed an Objection [Doc. 54] to the Recommendation in which he objects to the proposed dismissal of the claims against Dr. Burnside and Mr. Ramsey. Having considered Plaintiff's objections and upon a *de novo* review of the record submitted by the parties, this Court agrees with the conclusions of the United States Magistrate Judge. Therefore, the Recommendation is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**. Accordingly, Plaintiff's claims against Defendants Williams, Hurse, Driskel, Stevens, Hall, Womble, and Dixon should be DISMISSED without prejudice.

1

Plaintiff's remaining claim against defendant Simmons, however, will go forward.

In the Recommendation, United States Magistrate Judge Claude Hicks recommends that Plaintiff's claims should be dismissed for the following reasons:

(1) pursuant to the PLRA's exhaustion requirement as to Defendants Williams, Hurse, Driskel, and Stevens;

(2) failure to state a claim for verbal threats and harassment as to Defendant Hall, because mere verbal threats and harassment are insufficient to state a claim for a constitutional violation;

(3)  failure to state a claim for retaliation as to Defendant Hall where Plaintiff identified no constitutionally protected speech or retaliation thereto;

(4)  failure to state a claim for excessive force as to Defendants Womble and Dixon where plaintiff alleges no injury;

(5) failure to state a claim for retaliation as to Defendant Dixon who verbally interceded with the words "hey-hey" during an altercation between Plaintiff and his attorney;

(6) failure to state a claim for First Amendment violations as to Defendant Simmons where Plaintiff's actions brought about any abridgment of his ability to practice his religion freely;

(7) failure to state a claim for Fourth Amendment violations as to Defendant Simmons since prisoners do not enjoy a reasonable expectation of privacy in their cells;

(8) failure to state a claim for racial discrimination as to Defendant Simmons where Plaintiff offers no support beyond his own vague and conclusory assertions;

(9) failure to state a claim for religious discrimination as to Defendant Simmons where Plaintiff offers no support beyond his own vague and conclusory assertions; and

(10) failure to state a claim for retaliation as to Defendant Simmons where Plaintiff offers no support beyond his own vague and conclusory assertions.

Only Plaintiff's claim for use of excessive force against Defendant Simmons survives.

Plaintiff objects to:

(1) the bar against filing a sur-reply pursuant to local rule 7.3.1 but cites no authority to support this alleged "miscarriage of justice";

(2) the accepted practice of staying discovery pending a ruling on dispositive motions;

(3) the constitutionality and overall utility of the PLRA but without providing either specific examples of constructive exhaustion or persuasive case law to defend the claim;

(4) the dismissal of his constitutional claim against Defendant Hall by showing only a potential violation of departmental policy, not a violation of the Constitution;

(5) the dismissal of his claim for use of excessive force against Defendants Womble and Dixon by alleging a previously undisclosed injury to a pre-existing nervous system condition; and

(6) the dismissal of his constitutional claims against Defendant Simmons but impermissibly attempts to add both new facts and new claims in doing so.

The Court has reviewed Plaintiff's objections and finds them without merit.

**SO ORDERED,** this 30th day of September, 2009.

                                                         S/ C. Ashley Royal
                                                         C. ASHLEY ROYAL
                                                         UNITED STATES DISTRICT JUDGE

THC