IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FRANKLIN KEITH KELSEY,

                 Plaintiff

     VS.

TERESA SIMMONS,

                 Defendant

NO. 5:08-CV-284 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is a Motion for Summary Judgment filed by defendant Teresa Simmons. Tab #67. The motion is supported by a brief, a statement of material facts, affidavits, and several exhibits. Tab #68. Plaintiff Franklin Keith Kelsey has responded to this motion (Tab #74 and Tab #82), and defendant Simmons has replied thereto (Tab #79). The motion is now ripe for review.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Kelsey brought this action pursuant to 42 U.S.C. § 1983. Tab #1. He alleges that he was the victim of excessive force at the hands of defendant Simmons. More specifically, he avers that, on December 26, 2006, defendant Simmons entered his cell in order to conduct a random search of his locker. Soon after she began, the plaintiff objected and asked that he be allowed to remove an item so that it would not be handled by the defendant. The specific item in question was a medicine bag which the plaintiff regarded as religiously sacred. Defendant Simmons refused the request and explained that he would not be allowed access to the locker until after she completed the search. Plaintiff's objections continued and increased in volume. The exchange attracted several other inmates who approached to watch the situation develop. At this point, and because plaintiff Kelsey had repeatedly refused to be quiet and sit down, defendant Simmons borrowed handcuffs from another guard and ordered the plaintiff to move against the wall. Plaintiff refused to comply. Shortly thereafter, when the defendant attempted to apply the handcuffs, the plaintiff jerked away striking and pushing the defendant backwards. Additional attempts to handcuff the plaintiff led to a physical altercation during which both parties physically struck one another.

At some point, other inmates intervened and restrained the plaintiff. He was then handcuffed by another officer and escorted to the medical department. Upon examination, it was noted that he had three small lacerations to his head, a bruise on his neck, and a small scratch behind his ear. The lacerations were cleaned and then coated with antibiotic ointment.

The plaintiff was subsequently issued a disciplinary report. He was also arrested and charged with the felony offense of aggravated assault. He was found guilty of the disciplinary report and later pled guilty to the misdemeanor offense of obstructing an officer.

In his complaint, plaintiff Kelsey has named numerous defendants and made several allegations ranging from racial and religious discrimination to excessive force. After an initial review, and the subsequent resolution of a motion seeking dismissal filed by the defendants, the plaintiff's only remaining claim is one of excessive force lodged against defendant Teresa Simmons. In response to this claim, defendant Simmons has filed the instant motion seeking summary judgment.

## **LEGAL STANDARDS**

### **SUMMARY JUDGMENT**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
>> *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
>>
>>> *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
>>>
>>> *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
>>>
>>> *(C) the movant may file a reply within 14 days after the response is served.*

> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish, by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

## EXCESSIVE FORCE

The Eleventh Circuit has noted that to establish an Eighth Amendment violation, a prisoner must prove that an injury was caused by an unnecessary and wanton infliction of pain. In such cases, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. The absence of serious injury alone is, however, insufficient to dismiss a prisoner's Eighth Amendment claim. *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).[2]

## DISCUSSION

In her motion seeking summary judgment, defendant Simmons contends, with voluminous supporting evidence, that the force used on plaintiff Kelsey was applied in a good faith effort to restore discipline— not maliciously or sadistically for the purpose of causing harm. Moreover, she asserts that the amount of force used was in proportion to the amount needed to defend herself and to restore discipline. Furthermore, she notes that her use of force did not result in anything more than a *de minimus* injury to the plaintiff. For these reasons, she asserts that she is entitled to judgment as a matter of law. The undersigned agrees.

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

[2] Analysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible official, and any efforts made to temper the severity of a forceful response. Only *de minimis* uses of force are beyond constitutional recognition. *Id.*

After carefully reviewing the defendant's arguments and supporting evidence, the numerous pleadings and exhibits filed by the plaintiff, the legal standards governing motions seeking summary judgment as well as those governing claims alleging the excessive use of force, the undersigned finds that plaintiff Kelsey has failed to meet his burden on summary judgment. In support of this conclusion, the undersigned finds that the pertinent undisputed material facts are as follows:

On December 26, 2006, when defendant Simmons entered the plaintiff's cell to conduct a random search, plaintiff Kelsey objected. He then refused to comply with the defendant's lawful instructions. Moreover, plaintiff admits that he verbally objected to being handcuffed and then physically refused to be handcuffed. In response, after the defendant gave plaintiff an opportunity to comply with her repeated instructions to cease his outburst and submit to being handcuffed, plaintiff physically and improperly struck the defendant. In a further attempt to gain compliance, the defendant again attempted to handcuff the plaintiff. Plaintiff Kelsey continued to physically resist and then engaged in a physical altercation with the defendant. In an apparent effort to regain control of the plaintiff and to defend herself from physical injury, the defendant fought off the plaintiff's physical assault until other inmates intervened and restrained the plaintiff. The plaintiff was subsequently handcuffed and then immediately provided with medical care and attention for his apparently minor injuries. Thereafter, plaintiff Kelsey pled guilty to the criminal offense of obstructing an officer.[3]

---

[3] In light of the plaintiff's guilty plea to the crime of obstruction, the numerous contrary factual arguments that were submitted by him in his response to the defendant's motion seeking dismissal concerning the basis and/or genesis of his excessive force claim are barred pursuant to the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

It is clear that plaintiff Kelsey has failed to establish any genuine issues of material fact which could lead a reasonable jury to conclude that the force used by the defendant was not applied in a good faith effort to maintain or restore discipline. Therefore, his action must fail. Accordingly, **IT IS RECOMMENDED** that defendant Simmons' motion seeking summary judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof..

**SO RECOMMENDED**, this 23rd day of JUNE, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE