**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

FRANKLIN KEITH KELSEY,            :
                                  :
           Plaintiff          :
                                  :
vs.                               :
                                  :
                                  :
T. SIMMONS, *et al.*,             :      NO. 5:8-CV-284 (CAR)
                                  :
          Defendants          :      **O R D E R**

_____

Before the Court are two pending motions: "Request for Extension of Time/Stay of Appeal"
(Tab # 88) and "Request to Stay Judgment of Any Type of Taxation of Any Costs Pending Appeal"
(Tab # 89).

Under 28 U.S.C. § 2107(a), a party must generally file a notice of appeal within 30 days of
entry of the judgment being appealed. Section 2107(c) provides, however, that a district court may
extend the time for filing an appeal upon a showing of excusable neglect or good cause. The Court
may extend the time for filing until 60 days after the Court's judgment, or 14 days after entry of the
Court's order granting the motion, whichever is later. ***See*** Rule 4(a)(5)(C) of the Federal Rules of
Appellate Procedure. The Supreme Court has held that the time limits for filing an appeal under
section 2107 and Rule 4(a) are mandatory and jurisdictional. ***Bowles v. Russell***, 551 U.S. 205, 214
(2007). This Court's authority to extend the time for appeal is therefore limited. ***Id.*** at 208.

The Court entered judgment in plaintiff's case on July 21, 2010. On August 11, 2010,
plaintiff timely moved for an extension of the time to file his appeal. According to plaintiff, he is
imminently having surgery on both eyes. Having shown good cause, plaintiff's motion to extend

the time to appeal is hereby **GRANTED**.  Plaintiff shall have until **SEPTEMBER 20, 2010**, to file his notice of appeal.

With regard to plaintiff's second motion, the Court sees no reason to defer its taxation of costs until plaintiff's appeal has been decided by the Eleventh Circuit.  ***See, e.g., Baldauf v. Davidson***, 2008 WL 711703, at *1 (S.D. Ind. Mar.14, 2008) (denying stay of taxation of costs pending appeal); ***Chamberlain Group, Inc. v. Interlogix, Inc***., 2002 WL 31176068, at *1 (N.D. Ill. Sept.30, 2002) (same).  If plaintiff prevails on appeal, the Court will vacate any award of costs to the defendants.  Accordingly, plaintiff's motion to stay taxation of costs is **DENIED**.  The Court will, however, grant plaintiff leave to file any objections to defendants' bill of costs until **SEPTEMBER 20, 2010**.

**SO ORDERED**, this 26th day of August, 2010.


S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT


cr

2