# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

FRANKLIN KEITH KELSEY, :
:
        Plaintiff :
:
vs. :
:
:
T. SIMMONS, *et al.*, : NO. 5:08-CV-284 (CAR)
:
        Defendants : **O R D E R**

      Before the Court are two pending motions: Plaintiff's "Motion to Stay Appeal" (Tab # 93) and Plaintiff's "Motion to Appoint Counsel" (Tab # 92). Plaintiff, however, has failed to make a sufficient showing on either Motion. As such, both Motions are hereby **DENIED**.

      On August 26, 2010, the Court granted (Tab # 91) a previous "Motion for Extension of Time to File Appeal" (Tab # 88) filed by Plaintiff. According to Plaintiff, he was in the hospital for surgery on both of his eyes at the time and had no access to legal resources. In addition to rearguing previously litigated issues, Plaintiff asserts that his surgery has been delayed indefinitely and requests a further stay of his time to file an appeal until his current release date from prison of April 9, 2011.

      Under 28 U.S.C. § 2107(c), a district court may extend the time for filing an appeal upon a showing of excusable neglect or good cause. The Court may extend the time for filing until 60 days after the Court's judgment, or 14 days after entry of the Court's order granting the motion, whichever is later. See Rule 4(a)(5)(C) of the Federal Rules of Appellate Procedure. The Supreme Court has held that the time limits for filing an appeal under section 2107 and Rule 4(a) are

mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 214 (2007). This Court's authority to extend the time for appeal is therefore limited. Id. at 208.

The Court entered judgment in Plaintiff's case on July 21, 2010. On August 11, 2010, Plaintiff timely moved for an extension of the time to file his appeal until September 20, 2010, which the Court granted for good cause shown. As such, the Court has no authority to grant an additional stay, since Plaintiff has already had the extended 60-day period to file an appeal.

Nonetheless, Plaintiff now moves for what effectively amounts to an indefinite stay of his appeal based on the fact he awaits further medical care. Plaintiff's health condition, however, has not been so limiting as to prevent him from filing two timely motions to stay his appeal. Nor does he argue that he will not have access to legal resources during the remaining time he has to serve in prison. Plaintiff has, therefore, additionally failed to show good cause, and any appeal by Plaintiff should proceed without further delay.

Plaintiff has three times previously sought court appointed counsel in this case (See Tabs # 4, # 44, # 76). Each time, the Court has declined to grant Plaintiff's request. The Court sees no reason to revisit that decision now under these circumstances–aside from any jurisdictional issues now present because of the denial of Plaintiff's Motion to Stay Appeal.

No right to counsel exists in Section 1983 actions. See Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975); Mekdeci v. Merrell National Laboratories, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Court appointed counsel, rather, is a privilege in this sort of case that is justified only by exceptional circumstances. Lopez v. Reyes, 692

F.2d 15, 17 (5th Cir. 1982); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, a district court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. See Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989). Applying these standards, Plaintiff has failed to show any exceptional circumstances in this case that might warrant court appointed counsel. The essential facts and legal doctrines in the case are ascertainable by Plaintiff without legal assistance and, thus, are not complex, despite Plaintiff's conclusory assertion otherwise. In addition, the Court has already determined Plaintiff's claims to be without merit.

For the reasons above, both of Plaintiff's Motions are hereby **DENIED**.

**SO ORDERED,** this 22nd day of September, 2010.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT

THC